RUSSELL, Respondent, v. STUHLMILLER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 7, 1898.) Action by Joel W. Russell, as assignee for the benefit of creditors of Isaac H. Quinby, against William H. Stuhlmiller. From an order of the supreme court (50 N. Y. Supp. 1133) granting plaintiff's motion for a new trial, made on the minutes, defendant appeals. Affirmed. William C. Fitch, for appellant. Joel W. Russell, in pro. per.

PER CURIAM. Order affirmed, with costs.

FOLLETT, J. (dissenting). This action was begun April 14, 1897, in the municipal court of Buffalo, to recover $87, the agreed price of goods alleged to have been sold and delivered by the plaintiff's assignor August 18 and September 14, 1896, to the defendant. The defendant, in his answer, denied all the allegations in the complaint, except the allegation of the assignment from Quinby to Russell for the benefit of creditors, and also set up as a counterclaim $72.97, the costs recovered by the defendant in a judgment entered January 6, 1897, against Isaac H. Quinby and Frank W. Siver, in an action brought by them as plaintiffs against this defendant to foreclose a mechanic's lien filed for the same goods. Upon these issues a trial was had in the municipal court, which resulted in a judgmnt for $89.45 damages and $11.60 costs; total, $101.05. Thereafter the defendant appealed to the supreme court, where a retrial was had, and a verdict rendered for the defendant. The litigants agree that August 18, 1896, Isaac H. Quinby individually, or he and Frank W. Siver as partners or as joint contractors, agreed to furnish and put in place for the defendant specified gas fixtures, for the sum of $80. The plaintiff asserts that his assignor, individually, furnished most of the fixtures, but admits that 1 globe, 2 canopies, 15 pillars, and 15 tips, of the value of $1.03, were not furnished, as required by the contract. The defendant gave evidence tending to show that 2 globes, 2 canopies, 42 pillars, and 42 tips, of the value of $5.31, were not furnished, as required by the contract. The litigants also agree that the defendant purchased September 14, 1896, 34 globes, at the agreed price of $7, which have not been paid for. The only issue of fact presented on the trial under review was whether the plaintiff was the owner of the demand sued for, or whether it was owned by Quinby & Siver as partners or joint contractors, which issue was fairly presented to the jury by a charge to which neither party excepted, and was found for the defendant. On a motion for a new trial, made on the minutes, the learned trial judge set aside the verdict, on the ground that the defense was not available, because the defendant had not interposed in his answer the defense that there was a misjoinder of parties plaintiff or a defect of parties plaintiff, and also that the jury was instructed to render a verdict for about $5.80 in favor of the plaintiff. In case a plaintiff brings an action to recover on an account to which he has no title, legal or equitable, and which belongs wholly to a person or firm not a party to the action, the defense of want of title or interest in the plaintiff is available under a general denial, and without the defense being interposed that there was a misjoinder of parties plaintiff or a defect of parties plaintiff. The rule is otherwise when the plaintiff has an interest in the cause of action with some other person, but such is not the case at bar. The jury found that this cause of action did not accrue to the plaintiff individually, and therefore it did not pass under the general assignment of Quinby to this plaintiff. An inspection of the charge shows that the court did not instruct the jury that the plaintiff was entitled to recover about $5.80 or any other sum. It appears by the record that October 2, 1896, Quinby & Siver, through Frank W. Siver, filed a mechanic's lien on the defendant's premises for $87, on account of the goods sold to the

defendant; and, in action for its foreclosure, a judgment was rendered in favor of the defendant January 6, 1897, dismissing the action with $72.97, costs in favor of Stuhlmiller against Quinby & Siver. This judgment for costs was set up as a counterclaim, but was not submitted to the jury by the court in its charge. The learned counsel for the plaintiff seeks to sustain the order granting a new trial on the exceptions taken to the admission of evidence. These exceptions all relate to rulings which permitted the defendant to show that the goods for which the price was sought to be recovered were purchased of Quinby & Siver. This evidence was admissible, and no error was committed. The order should be reversed, with costs to the appellant, and a judgment ordered for him on the verdict. HARDIN, P. J., concurs.